### WILL CLAY v. THE STATE.

No. 5066. Decided June 5, 1918.

**Occupation—Selling Intoxicating Liquors—Recognizance.**

Where the terms of the recognizance were more onerous than the law requires and not in accord with the statutory requirements, the appeal must be dismissed.

Appeal from the District Court of San Augustine. Tried below before the Hon. W. T. Davis.

Appeal from a conviction of following the occupation of selling in-

toxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for pursuing the business of selling intoxicating liquors in prohibition territory.

The Assistant Attorney General moves to dismiss the appeal because the recognizance is insufficient. The recognizance was entered into at a court which began on the 7th of January and terminated on the 18th of February, 1918. The recognizance was entered into on the 16th day of February, 1918. Among other things, it bound appellant for his appearance before the District Court of San Augustine County on the 1st day of July, 1918, being the first Monday in July, 1918, and there remain from day to day and term to term of said court, to answer the State of Texas upon a charge by indictment, etc., to abide the judgment of the Court of Criminal Appeals. The law requires the defendant to enter into a recognizance to appear before the court at which the recognizance is taken from day to day and term to term to abide the judgment of the Court of Criminal Appeals. The appeal was filed in this court on the 17th day of May, 1918. The terms of the recognizance are more onerous than the law requires and not in accord with the statutory requisites. The court below nor this court would be justified in changing or permitting to be changed the terms of the statute as to the time of the appearance of an appellant. He must appear before the trial court from the time of entering into the recognizance from day to day and term to term, and not from some future time to be fixed by the court. Passing beyond the terms of the law the time fixed might be such time as it would be impossible of performance. If power be conceded to go beyond the law one month or six months, then the same reason would justify the fixing of the time for appearance to be extended any length of time. This would defeat the ends and object of the statute.

We are, therefore, of opinion that the recognizance is not legal and the appeal should be dismissed, and it is accordingly so ordered.

*Dismissed.*